**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:11-cv-1534-AP**

**WILDERNESS WORKSHOP**,
**NATURAL RESOURCES DEFENSE COUNCIL**,
**THE WILDERNESS SOCIETY**, and
**SIERRA CLUB**

       Plaintiffs,

v.

**ALLEN CROCKETT**, in his official capacity as a representative of the Bureau of Land Management; and the
**BUREAU OF LAND MANAGEMENT**.

       Defendants,

   and

**WILLIAMS PRODUCTION RMT COMPANY, LLC,**

       Intervenor Defendant,

   and

**ANTERO RESOURCES PICEANCE CORPORATION**,

       Proposed Intervenor Defendant.

---

### ORDER
---

This matter is currently before me on Proposed Intervenor Defendant Antero Resources Piceance Corporation's Motion to Intervene (doc. 19). Neither Defendants nor Intervenor Defendant Williams Production RMT Company take a position regarding this motion. Plaintiffs

acquiesce to Antero Resources' intervention upon the imposition of two conditions: (1) a requirement that Antero Resources confer with the Federal Defendants before filing a motion or brief, and submit filings only to address arguments or issues not raised by the Federal Defendants and (2) a requirement that Antero Resources file merits briefs and any dispositive motions jointly with Williams.

Having reviewed Antero Resources' motion, I find that Antero Resources has satisfied the requirements of Fed. R. Civ. P. 24(a)(2), and its motion is GRANTED. The clerk shall enter the answer attached as Exhibit B (doc. 19-2) to its Motion to Intervene.

Defendant Intervenor's participation is not, however, without limitation. Antero Resources' participation will be limited in this appeal in the interest of the efficient conduct of the proceedings. Rule 24(a)(2)'s "reference to practical consideration in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention." *San Juan County*, 503 F.3d at 1189. "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment)).

The conditions proposed by Plaintiff are reasonably crafted to allow Antero Resources to participate in this case without unnecessarily and duplicatively briefing the relevant issues. Accordingly, counsel for Defendants, Williams and Antero Resources must confer before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion.  If it is necessary to raise arguments or issues Defendants

decline to raise in their filings, Antero Resources may file separate motions, responsive filings, or briefs. Such filings, however, must be made jointly with Intervenor Defendant Williams. Any separate filings by the Intervenor Defendants must include a Certificate of Compliance with the condition requiring Intervenor Defendants to confer with counsel for Defendants before filing, and a statement that the issues raised are not adequately covered by Defendants' position.

Dated: August 15, 2011.                                        BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Judge