**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:11-cv-1534-AP**

**WILDERNESS WORKSHOP**,
**NATURAL RESOURCES DEFENSE COUNCIL**,
**THE WILDERNESS SOCIETY**, and
**SIERRA CLUB**

       Plaintiffs,

v.

**ALLEN CROCKETT**, in his official capacity as a representative of the Bureau of Land Management; and
the **BUREAU OF LAND MANAGEMENT**.

       Defendants,

   and

**WILLIAMS PRODUCTION RMT COMPANY, LLC,** and
**ANTERO RESOURCES PICEANCE CORPORATION**,

       Defendant-Intervenors.

---

**ORDER**

---

Kane, J.

       This matter is currently before me on the parties' Proposed Joint Case Management Plan (doc. 28). As detailed in their submission, numerous issues have proven contentious and my intervention is required.

       I begin by determining the appropriate time for the filing of Plaintiffs' standing declarations. Defendants and Defendant-Intervenors argue that such declarations should be filed

fourteen days after the administrative record is lodged. Plaintiffs oppose this requirement, instead proposing to file standing declarations as exhibits to their opening merits brief.[1]

Neither Defendants nor Defendant-Intervenors advance a credible argument in support of their position. The Tenth Circuit does not, as Defendants seem to suggest, require Plaintiffs to affirmatively establish their standing at a particular stage of the litigation. Although Plaintiffs have the persistent burden of establishing that they have standing throughout the course of litigation, there is no concrete deadline for meeting that burden. *Powder River Basin Resource Council v. Babbitt*, 54 F.3d 1477, 1484-85. In fact, any set deadline would be inconsistent with the continuing nature of Plaintiffs' burden.

Notably, if Defendants or Defendant-Intervenors believe Plaintiffs lack standing to bring their claims, they are not without recourse. Defendants or Defendant-Intervenors may challenge Plaintiffs' standing by filing a motion pursuant to Fed. R. Civ. P. 12(b)(1).[2] *See WildEarth Guardians v. Salazar*, No. 1:10-cv-00011-AP (D. Colo. Nov. 10, 1010) (Doc. 28). Absent a compelling reason to the contrary, however, I refuse to impose an arbitrary deadline for Plaintiffs to establish their standing to bring this litigation. In accordance with accepted procedure, Plaintiffs may establish their standing by filing their standing declarations as exhibits to their opening merits brief. *See, e.g.*, *Center for Native Ecosystems*, No. 1:09-cv-1463-AP (D Colo.

---

[1] As an aside, I note that the parties differing positions only result in a sixty-one day difference.

[2] This proceeding is governed by a hybridized approach using both the Federal Rules of Appellate Procedure and the Federal Rules of Civil Procedure. Although I held otherwise in *Colorado Wild v. Vilsack*, 713 F. Supp. 2d 1235, 1242, my statement of the law was overbroad and it should be limited to the facts of that case.

Dec. 21, 2010) (Doc. 54-1 - 53-3).

I next turn to the method for calculating the parties' agreed upon page limits.[3] Defendants and Defendant-Intervenors argue that the cover page, tables, signature block, certificates, and any exhibits should count toward the page limits. Plaintiffs acquiesce to the proposal to include the cover page, tables, signature block, and certificates in the page limit, but they object to counting exhibits towards the page limits. They indicate that they intend to attach excerpts from the record to their opening merits brief in order to assist the Court. Plaintiffs also argue that because they alone will be required to submit standing declarations, this limitation disproportionately impacts their ability to argue the merits of their Petition.

Neither Defendants nor Defendant-Intervenors advance a tenable argument in support of their position. Although it is not necessary to attach excerpts from the administrative record as exhibits, Plaintiffs will not be punished for their efforts to ease the Court's burden by including relevant portions of the record as exhibits. Furthermore, Plaintiffs' standing declarations do not materially contribute to their argument on the merits of their petition for review. Including these exhibits in the page count would limit Plaintiffs' ability to fully develop their arguments, which would hinder the Court's ability to properly resolve this dispute. In light of these concerns, the parties' exhibits will not count towards the agreed upon page limits.

Having resolved these issues, I take this opportunity to remind the parties that litigation is, in its highest and most effective form, a cooperative exercise between both the parties and the

---

[3] The parties' inability to agree upon such quibbling details reminds me of Ralph Waldo Emerson's observation that "A foolish consistency is the hobgoblin of little minds . . . ."

court. Unnecessary bickering only detracts from the ultimate purpose of securing a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. I refuse to participate in any gamesmanship, and further sharp practices will not be tolerated. The Joint Case Management Plan is attached to this Order and adopted as modified.

Dated: September 8, 2011.                    BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Judge