**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:11-cv-1534-AP**

**WILDERNESS WORKSHOP**,
**NATURAL RESOURCES DEFENSE COUNCIL**,
**THE WILDERNESS SOCIETY**, and
**SIERRA CLUB**

       Plaintiffs,

v.

**ALLEN CROCKETT**, in his official capacity as a representative of the Bureau of Land Management; and
the **BUREAU OF LAND MANAGEMENT**.

       Defendants,

  and

**WILLIAMS PRODUCTION RMT COMPANY, LLC,** and
**ANTERO RESOURCES PICEANCE CORPORATION**,

       Defendant-Intervenors.

___

**ORDER SETTING STATUS CONFERENCE**

Kane, J.

In light of Judge Krieger's decision in *Colorado Environmental Coalition v. Salazar*, 2012 WL 2370067 (D. Colo. June 22, 2012), that action's pending appeal, the partial remand of claims in the instant case already agreed to, and the potential (and potentially unnecessary) expansion of the case portended by Plaintiffs' Motion to Amend, I ORDER this case set for a STATUS CONFERENCE.

In anticipation of this conference counsel are directed to MEET and CONFER on the

following issues:

1. <u>The parties' overall/global perspective on the issues in dispute, not just in the instant appeal but also on the drilling and permitting plans tiered to the RMP/EIS invalidated by Judge Krieger's and currently on appeal</u>.  Specifically, I am interested in whether the parties can fashion a stipulation that preserves the status quo while the EIS is being revisited while preserving Plaintiffs' ability to challenge the three projects at issue in this case as well as other plans tiered to the EIS.  Should a referral for neutral evaluation by a magistrate judge or any other mediation or negotiation between the parties be helpful in this regard, the parties should so state.  I am open to any plan or suggestion that achieves the broadest resolution of the parties' concerns in bringing, and defending, this action.

2. <u>Amendment of the operative JCMP</u>.  Whatever the outcome of the parties' discussions, the operative JCMP needs to be updated to account for Judge Krieger's ruling and its impact not only on this case as it is currently postured, but on the breadth of the case portended should the Motion to Amend be granted.  While I have undertaken considerable work on both the pending Motion to Dismiss and the Motion to Amend, I realize their disposition would tie the hands of the judge ultimately drawn to this case so am loathe to say too much about them.  My current view is that Claim IV should not be barred under the doctrine of laches but that Defendants' mootness argument is worthy of closer scrutiny.  Because both defenses issues are heightened by the potential expansion of the scope of the dispute invited by Plaintiffs' Motion to Amend, any ruling on either would be premature under the circumstances.

Based on the foregoing, counsel are DIRECTED to COMMENCE discussions on the above issues.  On or before Wednesday of next week (December 12, 2012), counsel for the parties shall

call in JOINTLY to chambers to set this matter for a status conference to be held sometime during the week of January 28, 2013.

Parties are urged to consider realistically the full implications of the ruling in *Colorado Environmental Coalition v. Salazar* and to discuss the possibility of submitting this case to a magistrate judge for a Neutral Evaluation regarding the viability of a just and prompt settlement.

DATED: December 7, 2012

BY THE COURT:

**/s/John L. Kane**
U.S. SENIOR DISTRICT JUDGE